**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

vs.

Case No. 4:95cr4059-WS
Case No. 4:05cv459-WS/WCS

**LARRY COPELAND,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION TO DENY § 3582 MOTION

Defendant Larry Copeland filed a document titled "Motion to Modify Sentence Title 18 U.S.C. § 3582(c)(2) [and] Judicial Notice of Adjudicative Facts Rule 201(b)." Doc. 299.

Defendant asserts that this § 3582(c)(2) motion is not a successive motion under 28 U.S.C. § 2255, citing United States v. Armstrong, 347 F.3d 905 (11th Cir. 2003). *Id.*, p. 2. Defendant asks the court to "take Judicial Notice of Adjudicative Facts, that have altered the legal landscape concerning the mandatory nature of the Sentencing Guidelines." *Id.* Defendant cites, *inter alia*, United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct.

2348, 147 L.Ed.2d 435 (2000).  He asserts that this modification of the law applies nunc pro tunc to the effective date of the Sentencing Guidelines on November 1, 1987, and must apply retroactively here as a clarifying amendment.  Doc. 299, p. 3.  The appropriate remedy, Defendant argues, is to resentence him without regard to drug quantity.  *Id.*

Section 3582(c)(2) authorizes the court, in its discretion, to modify a term of imprisonment if the sentencing range has subsequently been lowered by the Sentencing Commission, if "consistent with applicable policy statements issued by the Sentencing Commission."  In Armstrong, the inmate asserted entitlement to modification under Amendments 599, 600, and 635 to the Sentencing Guidelines.  347 F.3d at 907.  The district court properly ruled that a prior unsuccessful § 2255 motion did not bar the motion under § 3582, and that the defendant was not entitled to relief under § 3582(c)(2).  *Id.*

The Eleventh Circuit had considered retroactive application of a clarifying amendment in the context of appeal or § 2255 motion, but this "bears no relevance to determining retroactivity under § 3582(c)(2)."  *Id.*, at 908-909, *citing* Burke v. United States, 152 F.3d 1329, 1332 (11th Cir.1998), *cert. denied*, 526 U.S. 1145 (1999)[1] (other citation omitted).  "[O]nly amendments, *clarifying or not*, listed under subsection (c) of 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under §

---

[1] As explained in Burke, "a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice." 152 F.3d at 1332.  *See also* Lynn v. United States, 365 F.3d 1225, 1232, 1233 and n. 15 (11th Cir.), *cert. denied*, 125 S.Ct. 167 (2004) (collecting cases, including Burke).

Case Nos. 4:95cr4059-WS and 4:05cv459-WS/WCS

3582(c)(2)." 347 F.3d at 909.  The court agreed with the circuits establishing this "bright-line rule," and holding "that 'clarifying amendments' are no exception to this rule and may only be retroactively applied on direct appeal of a sentencing or under a § 2255 motion."  *Id.* at 909 (collecting cases).

Defendant does not identify any amendment to the guidelines expressly listed under § 1B1.10(c); indeed he does not identify any amendment made by the Sentencing Commission.  Instead, he asserts that Supreme Court precedent acts as a "clarifying amendment" to the guidelines.  Assuming that Booker (or the cases leading up to it) could be considered a clarifying amendment, it is not listed in § 1B1.10(c) and therefore could only apply retroactively – if at all – on appeal or § 2255 motion.  It is long past the time for appeal.  Defendant is "in custody" and "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," and his Booker claim falls under the plain language of § 2255.

Defendant previously filed a § 2255 motion, which was denied with prejudice. Docs. 275-276 (report and recommendation as adopted by the court),[2] and 277 (judgment entered on December 14, 2000).  Without deciding potential procedural obstacles, the court found Defendant's supplemental Apprendi claim without merit, as

---

[2] It was recommended in the first report and recommendation that relief be denied on all but one of Defendant's § 2255 claims, and the case remanded for appointment of counsel and an evidentiary hearing on that claim.  Doc. 255.  The recommendation was adopted, doc. 264, and the second report and recommendation was entered after the evidentiary hearing.

Case Nos. 4:95cr4059-WS and 4:05cv459-WS/WCS

any error was harmless.  Doc. 275, pp. 6-8.  A certificate of appealability was denied by this court and the Eleventh Circuit.  Docs. 288 and 295.  The Eleventh Circuit found that, whether or not Apprendi applies retroactively on collateral review, Defendant's Apprendi claim lacked merit.  Doc. 295, p. 4.[3]

As Defendant has already been denied § 2255 relief, he must obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion.  § 2255 (referencing § 2244); § 2255 Rule 9 (amended effective December 1, 2004) ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").  Authorization for filing a successive motion raising Booker has been denied in this circuit.  In re Anderson, 396 F.3d 1336, at 1339 (11th Cir. 2005) (denying leave to file successive motion as the Supreme Court has not made Booker or Blakely retroactive on collateral review).  *See also* Varela v. United States, 400 F.3d 864, 867 (11th Cir.), *cert. denied*, __ U.S. __, 126 S.Ct. 312 (2005) (Blakely and Booker do not apply retroactively on collateral review even when raised in initial § 2255 motion).

As this is essentially a second or successive § 2255 petition, and authorization for filing has not been granted, this court lacks jurisdiction to consider it.  Hubbard v. Campbell, 379 F.3d 1245, 1246 (11th Cir.), *cert. denied*, 125 S.Ct. 15 (2004) (district

---

[3] The Eleventh Circuit denied Defendant's motions for certificate of appealability and leave to appeal in forma pauperis on August 16, 2001.  Doc. 295.  The court then granted appointed counsel's motion to withdraw, and granted thirty days from January 28, 2002, for Defendant to file a motion for reconsideration of the August 16, order.  Doc. 298.  That was the last docket entry in this court until the current § 3582 motion received on December 5, 2005.  Either Defendant did not seek reconsideration within the time allowed, or reconsideration was denied.

court lacked jurisdiction to entertain second or successive petition, where petitioner had not obtained authorization for filing it).

It is therefore respectfully **RECOMMENDED** that Defendant's motion to modify sentence and for judicial notice, doc. 299, be **SUMMARILY DISMISSED** as authorization for filing a second or successive § 2255 motion has not been granted.

**IN CHAMBERS** at Tallahassee, Florida, on January 4, 2006.


  S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**