IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

vs.                                                      Case No. 4:95cr4059-WS
                                                         Case No. 4:05cv459-WS/WCS
**LARRY COPELAND,**                                      Case No. 4:06cv26-WS/WCS

      Defendant.
_____/

### ORDER DENYING CERTIFICATE OF APPEALABILITY

Defendant Larry Copeland filed a document titled "Motion to Modify Sentence Title 18 U.S.C. § 3582(c)(2) [and] Judicial Notice of Adjudicative Facts Rule 201(b)." Doc. 299.  It was deemed a second or successive 28 U.S.C. § 2255 motion and summarily dismissed, as authorization for filing had not been granted by the Eleventh Circuit.  Docs. 300 and 305.  Judgment was entered on the docket on January 31, 2006.  Doc. 306.  Defendant filed a notice of appeal.  Doc. 307.

On January 17, Defendant filed another motion virtually identical to doc. 299.  Doc. 304.  The date of Defendant's signature is the same, and the only discernable difference between the two documents is a handwritten correction to the address on doc. 304.  The reasons for dismissal of doc. 299 also support dismissal of doc. 304.

A certificate of appealability is required to appeal the denial of a § 2255 motion. § 2253(c)(1)(B); Fed.R.App.P. 22(b)(1). Where, as here, a second or successive § 2255 motion is simply labeled as something else, a certificate of appealability should also be required to appeal. Gonzalez v. Secretary for Dept. of Corrections, 366 F.3d 1253, 1262-64 (11th Cir. 2004) (en banc) (certificate of appealability is required to appeal the denial of a Fed.R.Civ.P. 60(b) motion for relief from judgment in a § 2255 proceeding), *affirmed on other grounds* Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); *see also* Jackson v. Crosby, __ F.3d __, 2006 WL 237143 (11th Cir. February 2, 2006) at *3 (noting this is still the law of this circuit).[1]

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"

Slack v. McDaniel, 529 U.S. 473, 483-484, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000); *quoting,* Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 103 S.Ct. 3383, 3394, n. 4, 77 L.Ed.2d 1090 (1983).

---

[1] One of the parties before the Eleventh Circuit was Defendant Lazo, who filed a second or successive § 2255 motion "cross-dressed" as a Rule 60(b) motion, attacking the underlying judgment rather than the prior § 2255 judgment. 366 F.3d at 1263. It was therefore not a "true" Rule 60 motion, but even for "true" Rule 60 motions in § 2254 or 2255 proceedings (like that filed by Petitioner Gonzalez), the court said a certificate of appealability is required for appeal. *Id.*, at 1263-67. The Supreme Court granted certiorari only as to Petitioner Gonzalez, and only on the question whether his motion should have been treated as a second or successive § 2254 petition as a matter of law. Jackson at *5, n. 6. The Supreme Court therefore did not endorse or disturb the certificate of appealability requirement for any Rule 60 motion in a § 2254 or 2255 case. Jackson at *3.

As set forth in the report and recommendation as adopted by the court, docs. 300 and 305 (incorporated herein by reference), authorization for filing a second or successive § 2255 motion has not been granted. "[A] reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." 529 U.S. at 484, 120 S.Ct. at 1604. Defendant is not entitled to a certificate of appealability as he has not made a substantial showing of the denial of a constitutional right. Leave to proceed in forma pauperis should also be denied. Fed.R.App.P. 24(a).

For all the same reasons, if Defendant appeals the judgment entered pursuant to this order (dismissing doc. 304), a certificate of appealability and leave to proceed in forma pauperis will be denied for that appeal.

It is therefore **ORDERED**:

1. Defendant's motion (doc. 304) is **SUMMARILY DISMISSED**. The clerk shall enter judgment accordingly and close Case No. 4:06cv26-WS/WCS.

2. A certificate of appealability **SHALL NOT ISSUE** on Defendant's appeal (doc. 307) from the judgment of January 31, 2006 (doc. 306), and leave to proceed in forma pauperis is **DENIED**.

**DONE AND ORDERED** this February 21, 2006.

        /s William Stafford
**WILLIAM STAFFORD**
**SENIOR UNITED STATES DISTRICT JUDGE**

Case Nos. 4:95cr4059-WS, 4:05cv459-WS/WCS, and 4:06cv26-WS/WCS